UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                    No. 03-7244

MARVIN HOOKER, JR.,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CA-02-213-7-BR)

Submitted: February 19, 2004

Decided: April 6, 2004

Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Marvin Hooker, Jr., Appellant Pro Se. Stephen Aubrey West, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Marvin Hooker, Jr. filed a motion for return of $3,950 in cash, seized by the Government pursuant to his arrest in July 1991. The district court denied the motion as barred by the statute of limitations; Hooker noted a timely appeal. For the reasons discussed below, we vacate and remand for further proceedings.

Hooker filed the motion for return of property on July 23, 2002. The Government demonstrated in its response to Hooker's motion that it served a notice of seizure on Hooker by certified mail in the Pender County Jail on July 22, 1991. The Government presented a return receipt signed by an employee of the jail, and a copy of a Declaration of Forfeiture, 19 U.S.C. § 1609 (2000), dated November 13, 1991, that noted no claims were filed for the $3950. The district court found that Hooker's cause of action accrued in July 1991 and his motion was time-barred. Hooker asserts he did not receive either the Notice of Seizure or the Declaration of Forfeiture.

In administrative forfeiture proceedings, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . . . The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950). In *United States v. Minor*, 228 F.3d 352 (4th Cir. 2000), we decided that, when holding a property owner in custody and at the same time being desirous of actually informing that owner of the impending forfeiture, the government is required to prove, not that the prisoner received actual notice, but that the procedures employed to provide notice were substantially reliable. *Minor*, 228 F.3d at 358. We noted that, in most cases, the government could meet its burden by showing that: (1) it sent a certified letter, return receipt requested, to the facility where the prisoner was being housed; (2) the return receipt was signed by a prison official; and (3) mail delivery procedures at that facility were reasonably calculated to ensure that the notice would reach the inmate and would be accepted only where the inmate was actually present. *Id.*; *see also Dusenbery v. United States*, 534 U.S. 161 (2002) (holding that due process does

not entitle a prisoner to actual notice of an administrative forfeiture; instead, the question is whether "the notice in this case [was] 'reasonably calculated under all the circumstances' to apprise petitioner of the pendency of the . . . forfeiture").

Applying this analysis, we find that the Government has not shown that its notice to Hooker was adequate. In its response to Hooker's motion, the Government submitted no evidence to show the mail delivery procedures at Pender County Jail were reasonably calculated to ensure that the notice would reach Hooker.

Even if the Government is unable to demonstrate that the procedures employed to give notice to Hooker were substantially reliable, Hooker's motion may be untimely, nevertheless. The applicable limitations period for an action seeking return of forfeited property is six years. 28 U.S.C. § 2401(a) (2000); *Minor*, 228 F.3d at 359. The cause of action accrues and the limitations period begins to run on the date when the movant first becomes aware that the government declared the property forfeited or when, through an inquiry he reasonably could have been expected to make, he would have been aware of the forfeiture. *Id.* at 359. In this case, the record is not sufficiently developed to determine when the cause of action accrued.

Accordingly, we vacate the district court's order denying relief on the motion for return of property and remand to the district court for a determination of whether Hooker received adequate notice, when Hooker's cause of action accrued, and whether Hooker's motion was timely filed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*